IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PADDY JAMES DALY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF HAWAI'I, et al,<br><br>Defendants. | Civil No. 26-00070 MWJS-KJM<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

### INTRODUCTION

Before the court is pro se Plaintiff Paddy James Daly's complaint against the County of Hawai'i, the Hawai'i Police Department, the Office of the Prosecuting Attorney for the County of Hawai'i, the Hawai'i State Judiciary, a number of individual police officers and deputy prosecutors, and several private individuals.

Because Daly asks to litigate in forma pauperis (IFP), that is, without paying the usual fees, the court must examine his complaint before it may proceed and confirm that it states a claim the court can grant relief on. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Even when the court reads his complaint liberally, as owed a self-represented litigant, Daly's complaint still falls short: a number of the claims are foreclosed by Eleventh Amendment sovereign immunity and by the absolute immunity that shields judges and prosecutors, several defendants are never alleged to have acted under color of state law,

and the pleading as a whole does not meet the demands of Federal Rule of Civil

Procedure 8.  The court accordingly DISMISSES the complaint and DENIES the IFP

application as moot.  Because Daly may be able to cure at least some of these problems,

however, the court GRANTS him leave to amend.

### DISCUSSION

A.      **Screening of Plaintiff's Complaint**

Daly's thirty-page complaint, together with its supplements, describes what he

characterizes as a years-long interstate conspiracy among Hawai'i law enforcement

officers, prosecutors, judicial officers, educational institutions, housing authorities, and

private individuals to retaliate against him for his advocacy on behalf of a domestic-

violence survivor, Bonny Nicole Evans, and her minor daughter.  The complaint asserts

fourteen counts arising under, among other provisions, 42 U.S.C. §§ 1983, 1985, and

1986; the civil RICO statute, 18 U.S.C. § 1964(c); the criminal civil rights and witness

tampering statutes, 18 U.S.C. §§ 241, 1512, and 1513; the Violence Against Women Act;

the Fair Housing Act; the Americans with Disabilities Act; and Section 504 of the

Rehabilitation Act.  As detailed below, however, the complaint in its current form

cannot proceed.

1.  A request to proceed without prepayment of fees triggers the court's

obligation to review the complaint at the outset of the case.  *See* 28 U.S.C. § 1915(e)(2).

The statute directs the court to dismiss a complaint, in whole or in part, when it is

"frivolous or malicious," when it "fails to state a claim on which relief may be granted," or when it seeks money damages from a defendant who is immune. *See id*. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). That inquiry tracks the analysis a court would undertake on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). And because Daly appears without counsel, and understanding that pro se plaintiffs often face significant hurdles in navigating the court system, the court reads his complaint generously. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

To gauge whether a complaint clears that bar, the court turns to the pleading requirements of Rule 8. See *Zixiang Li v. Kerry*, 710 F.3d 995, 998–99 (9th Cir. 2013) (explaining that "Rule 12(b)(6) is read in conjunction with Rule 8(a)"). And Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff cannot meet that requirement with mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, to survive screening, the complaint must include specific factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

3

One consequence of that requirement bears directly on this case:  because no one may be held liable in a suit of this kind merely for being the supervisor of or employing a wrongdoer, the complaint must connect each defendant, by that defendant's own acts, to the violation alleged.  *See id*. at 676.  Even affording the complaint the liberal construction due to pro se litigants, it does not satisfy these standards.  The complaint lists fourteen counts, most of which are asserted against "All Defendants" collectively, and it incorporates by reference all preceding paragraphs into each count.  But a complaint that groups the defendants together and assigns a statutory or constitutional "violation" to the group does not give any individual defendant "fair notice of what the claim against him is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (cleaned up).

The complaint's allegations rest on the premise that Daly may recover for harms inflicted on Evans and her daughter—for example, Evans' arrest and the 700-plus-day prosecution said to have been brought against her.  Daly alleges that he is a certified advocate for Evans under the Violence Against Women Act and the approved full-time live-in aide for her minor daughter, and he appears to ground much of his suit in those roles.  Dkt. No. 3, at PageID.3, 9, 12.  But whatever his relationship to Evans and her daughter, a plaintiff generally must assert his own legal rights and interests, and cannot rest a claim for relief on the legal rights or interests of third parties.  When a plaintiff brings a case, "[i]t is the responsibility of the complainant clearly to allege facts

4

demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975). To the extent Daly seeks to vindicate Evans' rights rather than his own, those claims cannot proceed.

Several of Daly's claims fail for additional, independent reasons. Daly purports to sue under the federal criminal statutes 18 U.S.C. §§ 241, 1512, and 1513. But these are criminal statutes that do not provide a private civil cause of action, and Daly cannot rest a claim for civil relief upon them. *See Duell v. McCormick*, No. 24-MC-00639, 2024 WL 4786265, at *1 (D. Haw. Nov. 14, 2024). Daly's malicious prosecution claim presents a further problem. A claim that necessarily implies the invalidity of a conviction or of pending criminal proceedings may not be pursued under Section 1983 unless the underlying criminal proceeding has terminated in the plaintiff's favor. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The complaint alleges that the prosecution it challenges remains ongoing, and Daly does not allege any favorable termination. Any claim premised on the asserted invalidity of that prosecution is therefore not cognizable at this time.

2. Setting the pleading problems aside, even if Daly were able to cure those issues, a number of Daly's claims are limited by sovereign immunity, judicial immunity, or otherwise. "Because governmental immunities are immunities from suit, and are conceptually distinct from the merits of the plaintiff's claim, immunity questions should

5

be resolved at the earliest possible stage in litigation." *Gibson v. City of Portland*, 165 F.4th 1265, 1275 (9th Cir. 2026) (cleaned up).

Absent the State's consent, the Eleventh Amendment "generally prevents a state and state government actors from being sued in federal court." *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019). That immunity reaches the arms of the State, its courts among them, as well as state judges sued for what they do in office. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010). And it does not yield simply because a plaintiff frames his request as one for declaratory or injunctive rather than monetary relief. See *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016). Suing a state court amounts to suing the State, so Daly's claims against the Hawai'i State Judiciary cannot go forward. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). Nothing in the complaint points to a waiver by the State or to congressional abrogation reaching the claims Daly brings.

Insofar as the complaint seeks relief against the Hawai'i State Judiciary or its judges for rulings entered in Daly's and Evans' state court cases, absolute judicial immunity independently forecloses those claims. A judge sued for acts undertaken in a judicial capacity cannot be reached by a suit for damages, nor by one for declaratory or injunctive relief. See *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996); *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987).

Turning to Daly's claims against specific named officers:  claims against two named deputy prosecutors, Herbert H. Mukai and Georgia Berrenberg, may independently be barred.  A state prosecutor who acts within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the State's case is immune from a civil suit for damages under Section 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Sills v. Kim*, Civ. No. 23-00246, 2024 WL 3274292, at *5 (D. Haw. July 1, 2024).  The conduct Daly attributes to Mukai and Berrenberg—deciding whether to file or decline charges, entering nolle prosequis, negotiating plea resolutions, and presenting the State's case to the grand jury—lies at the core of the prosecutorial function and is precisely the kind of official action that *Imbler* protects.  Those claims therefore face an independent bar.  Moreover, "[s]uits against state officials in their official capacity [] should be treated as suits against the State."  *Gibson*, 165 F.4th at 1276.  So to the extent that Daly seeks to hold these prosecutors liable in their official capacities, those claims, too, are barred.

Finally, several defendants—Sheldon K. Waipa, Kenneth Quiocho, Wisdom Quiocho, and Reggie Quiocho—are private citizens who cannot be sued under Section 1983.  A claim under Section 1983 has two essential parts:  the deprivation of a federally secured right, and a deprivation by someone acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  The complaint supplies no plausible basis for treating these private individuals as state actors under that statute.  Its assertion that they

conspired with state officials, offered without concrete factual allegations of an agreement to violate Daly's rights (or Evans'), does not carry that weight.  See *Iqbal*, 556 U.S. at 678.  The Section 1983 claims against them therefore cannot go forward as pled.

Because the complaint does not state a plausible claim for relief, and because many of Daly's claims are barred by sovereign immunity, by judicial or prosecutorial immunity, or are otherwise not cognizable, the complaint must be DISMISSED.

### B.    Leave to Amend

A dismissal at screening is not necessarily the end of the road.  When the shortcomings in a complaint might be fixed by better or fuller allegations, the court must allow the plaintiff a chance to amend his complaint.  *See Lopez*, 203 F.3d at 1130.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court must grant leave to amend freely "when justice so requires."  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).  And that instruction carries special weight when, as here, the plaintiff proceeds pro se and in forma pauperis.  Such a plaintiff should not be denied the opportunity to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987) (cleaned up).

Here, the court recognizes that Daly is proceeding pro se and that certain defects in the complaint may be curable with more specific allegations.  Accordingly, the court will permit Daly to file an amended complaint.  In doing so, Daly should bear in mind

8

the limitations discussed above:  the complaint may not assert claims barred by Eleventh Amendment sovereign immunity or by prosecutorial or judicial immunity. He may not rest civil claims on criminal statutes that provide no private right of action; he may not pursue claims that necessarily imply the invalidity of an ongoing criminal proceeding that has not terminated in his favor.  And he must allege facts showing that any private defendant acted under color of state law.  When naming defendants, Daly should also clearly explain how each defendant personally participated in the conduct that harmed him, and must confine his claims to violations of his own federal rights rather than those of others.

Finally, any amended complaint must be a complete document in its own right. It must satisfy the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 10.4, under which Daly must set out the entire pleading anew; he cannot bring forward any portion of an earlier filing—the current complaint and its supplements included—by cross-reference.  And Daly may not use the amendment to introduce new claims or new defendants without first obtaining leave of court.  But even if Daly were able to do so, he would still face screening under the in forma pauperis statute.  When a litigant asks to proceed without prepayment of fees, the court is statutorily required to screen the complaint for other deficiencies.  *See* 28 U.S.C. § 1915(e)(2).

C.      **Plaintiff's In Forma Pauperis Application**

As stated above, Daly's complaint is dismissed.  The court also DENIES the IFP

application as moot and does not decide the application's sufficiency.

## CONCLUSION

For the foregoing reasons, the court DISMISSES Plaintiff's complaint, Dkt. No. 1,

with leave to amend and DENIES his IFP application, Dkt. No. 8, as moot.

If Plaintiff elects to file an amended complaint, he must comply with the

following requirements:

(1)      The deadline to file an amended complaint is July 24, 2026;

(2)      The amended complaint should be titled "First Amended Complaint;"

and

(3)      Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely file an amended pleading that

conforms with this Order and concurrently file a new IFP Application (or, alternatively,

file an amended pleading and submit the filing fee) will result in the automatic

dismissal of this action.  Until Plaintiff files an amended pleading and either files a new

IFP Application or pays the filing fee, he should not file any other documents in this

action.

//

//

IT IS SO ORDERED.

DATED:  June 26, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

*Daly v. County of Hawai'i, et al*; Civil No. 25-00070 MWJS-KJM; ORDER DISMISSING
COMPLAINT WITH LEAVE TO AMEND AND DENYING APPLICATION TO
PROCEED IN FORMA PAUPERIS AS MOOT