IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PADDY JAMES DALY, | Civil No. 26-00070 MWJS-KJM |
| Plaintiff, | ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| COUNTY OF HAWAIʻI, et al, | |
| Defendants. | |

**INTRODUCTION**

This case began with a pro se complaint alleging that numerous Hawaiʻi law enforcement officers, prosecutors, government entities, and private individuals had conspired in a years-long effort to retaliate against Plaintiff Paddy James Daly for his advocacy on behalf of a domestic-violence survivor, Bonny Nicole Evans, and her daughter. *See* Dkt. No. 1. The court dismissed that complaint, identifying several defects in pleading, but granted Daly leave to amend. Dkt. No. 17.

Daly has now filed a First Amended Complaint (FAC). It substantially narrows the parties and legal theories, but it also changes the factual nucleus of the case. Daly's claims now arise from an October 15, 2024, motor-vehicle collision in Keaʻau, Hawaiʻi, and the handling of Hawaiʻi Police Department (HPD) Report No. 24-094993. *See* Dkt. No. 18, at PageID.172. Daly alleges that the officer responding to the collision

acknowledged that Daly had the right of way, but that the resulting report nonetheless classified the collision as "minor," redacted a corroborating witness statement, did not cite the other driver for failing to yield, and instead cited Daly for lacking insurance. *See id.* at PageID.174-79.  He further alleges that County officials later refused to reclassify the report and failed to resolve his complaints about that conduct.  *See id.* at PageID.180-81.

Based on those events, Daly asserts three claims under 42 U.S.C. § 1983:  First Amendment retaliation, class-of-one equal protection, and municipal liability.  *Id*. at PageID.181-85.  Before the court are also Daly's amended application to proceed in forma pauperis, Dkt. No. 22, and his motion for a brief extension of time to file the FAC, Dkt. No. 20.

For the reasons explained below, the court GRANTS Daly's application to proceed in forma pauperis.  The court accepts and considers the FAC notwithstanding its one-day lateness and therefore DENIES the motion for an extension of time as moot.  But because the FAC does not state a plausible federal claim for relief, the court DISMISSES it and GRANTS Daly one further opportunity to amend.

### DISCUSSION

#### A.     Screening of Daly's Application to Proceed In Forma Pauperis

It is expensive to litigate a case in federal court, but when a person submits an affidavit demonstrating an inability to prepay fees and costs, a federal court may

authorize the person not to do so.  28 U.S.C. § 1915(a)(1).  The applicant need not

demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331,

339-40 (1948), but must at least "allege poverty with some particularity, definiteness,

and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up).

An affidavit is sufficient when it shows that the applicant cannot pay the court costs

and still afford the necessities of life.  *Id*.; *see* 28 U.S.C. § 1915(a)(1).

Daly's amended application states that he worked during the 2025-26 school year

as a per-diem substitute teacher for Akron Public Schools, earning approximately $207

in gross pay for each day he worked.  Dkt. No. 22, at PageID.209.  Daly reports that he

received $19,527.08 in take-home wages during the past twelve months.  *Id*. at

PageID.212.  After the school year ended on May 28, 2026, Daly received his final wage

payment on June 12, 2026, and he currently reports no gross or take-home pay.  *Id*. at

PageID.211-12.  He states his substitute teaching license expired on June 30, 2026, and

his renewal application remains on hold awaiting the school district's approval.  *Id*. at

PageID.211, 216.

As far as Daly's financial assets are concerned, he reports $730.04 in cash or bank

accounts.  *Id*. at PageID.210.  He owns a 2011 Kia Soul with approximately 180,000

miles, which he values at approximately $1,500.  *Id*.  He also owns a one-acre parcel in

Leilani Estates that the County of Hawaiʻi has assessed at $23,900.  *Id*.  Daly represents

that the parcel cannot readily be converted to cash, *id.*, and nothing in the record of this

case contradicts that assertion.  Meanwhile, Daly's listed expenses include $500 in monthly rent, $500 for food, and recurring costs for transportation, automobile and renter's insurance, telephone and internet service, dental treatment.  *Id*.  He also reports approximately $80,000 in student-loan debt.  *Id*.

Based on this information—particularly Daly's level of income and his limited liquid assets, along with his regular expenses—the court concludes that he has demonstrated an inability to pay the filing fee while still affording the necessities of life.  The court therefore GRANTS Daly's amended IFP application, Dkt. No. 22 and DENIES AS MOOT Daly's prior IFP applications, Dkt. Nos. 19, 21.

### B.    Screening of the FAC

Having granted Daly's IFP application, the court screens his FAC.  Dkt. No. 18.  When dismissing his prior complaint, the court directed Daly to file any amended complaint by July 24, 2026.  Dkt. No. 17, at PageID.170.  Daly filed his FAC on July 25, 2026, one day after that deadline, along with a motion requesting a brief extension of time.  Dkt. Nos. 18, 20.  Mindful of the latitude owed to litigants proceeding without counsel and of the preference for deciding cases on their merits, the court accepts Daly's explanation and has considered his FAC in full.  *See Schmidt v. Progressive Casualty Insurance Co.*, Civ. No. 26-00180 MWJS-KJM, 2026 WL 1878423, at *2 (D. Haw. June 30, 2026).  The court therefore DENIES AS MOOT Daly's motion for a brief extension of

time, Dkt. No. 20.  Even considering the FAC, the court concludes that dismissal is warranted for the reasons explained below.

Although the court has granted Daly's IFP application, it cannot allow the FAC to be served unless and until the pleading survives screening.  *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See id*. at 1126-27; 28 U.S.C. § 1915(e)(2)(B).

That inquiry tracks the analysis a court would undertake on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  And because Daly appears without counsel, the court reads his complaint generously.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

But even a pro se complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff cannot satisfy that requirement with "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must instead include factual allegations permitting the court to "draw the reasonable inference that [each] defendant is liable for the misconduct alleged."  *Id*.

Before turning to the merits of Daly's FAC, the court addresses the scope of Daly's amendment. The court's prior order expressly cautioned Daly that he "may not use the amendment to introduce new claims or new defendants without first obtaining leave of court." Dkt. No. 17, at PageID.169. Daly nonetheless exceeded the scope of the leave he was given.

Daly's original complaint and its supplements alleged what Daly characterized as "a years-long interstate conspiracy among Hawaiʻi law enforcement officers, prosecutors, judicial officers, educational institutions, housing authorities, and private individuals to retaliate against him for his advocacy on behalf of a domestic-violence survivor, Bonny Nicole Evans, and her minor daughter." *Id*. at PageID.162. The FAC, on the other hand, characterizes his action as arising from "the County of Hawaiʻi's treatment of Plaintiff after an October 15, 2024 motor-vehicle collision in Keaʻau, Hawaiʻi." Dkt. No. 18, at PageID.172. Daly confirms that "[a]ll events alleged occurred on or after October 15, 2024, except the earlier incidents pleaded solely as pattern evidence of custom." *Id*. at PageID.181. But so plead, the FAC does not refine the claims Daly previously asserted; it advances new claims based on a new episode.

To be sure, Daly could have sought leave to add those claims, and this action remains at an early stage. Mindful of Daly's pro se status, the court construes the FAC as including an implicit request for leave to assert the claims it contains. So rather than dismiss the pleading solely because Daly failed to file a separate motion for leave, the

6

court proceeds to screen those claims on their merits.  Daly is cautioned, however, that the court's treatment of the present filing does not excuse his failure to comply with the court's June 26, 2026 order, Dkt. No. 17.  He may not use any further amendment to introduce additional claims or defendants without first obtaining leave of court.

### 1.    Count I:  First Amendment Retaliation

Turning now to the merits of the claims plead in Daly's FAC, Count I asserts First Amendment retaliation against HPD Chief Reed Mahuna, Does 2-50, and the County of Hawai'i.  Dkt. No. 18, at PageID.181-82.

To state a First Amendment retaliation claim, a plaintiff must plausibly allege "that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity[,] and (3) the protected activity was a substantial or motivating factor in the defendant's conduct."  *Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (cleaned up).  That last element requires a plaintiff to "establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury."  *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (cleaned up).

Daly identifies his protected activity as "complaining to the responding officer and his chain of command, petitioning the Chief of Police, filing a notarized complaint and appeal with the Police Commission, requesting public records, and appealing their withholding to OIP."  Dkt. No. 18 at PageID.182.  At this screening stage, the court

7

accepts that Daly engaged in constitutionally protected activity and that the conduct he alleges would satisfy the objective chilling requirement.

The FAC does not, however, plausibly allege that Daly's protected activity was a substantial or motivating factor in the challenged conduct. To be sure, direct evidence of retaliatory intent is rarely available at the pleading stage, and a plaintiff may support an inference of retaliation through "a chronology of events from which retaliation can be inferred." *Capp*, 940 F.3d at 1055 (quoting *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012)). But the chronology alleged here does not plausibly connect any identified defendant's decision to Daly's protected activity.

To begin, several of the acts Daly identifies as retaliation preceded any specifically described petitioning activity. Daly alleges that Officer Daniel Tam completed and signed Report No. 24-094993 on October 17, 2024. Dkt. No. 18, at PageID.175. At that time, according to Daly, the report classified the collision as minor despite the damage, redacted the corroborating witness statement, did not cite the other driver (Aaron Tai) for failing to yield, and instead cited Daly for lacking insurance. *Id*. Daly alleges that he wrote to Officer Tam about these matters and copied the Police Commission and HPD administration on November 27 and 28, 2024. *Id*. at PageID.176. The FAC does not allege facts plausibly showing that the decisions reflected in the October 17 report were motivated by protected activity occurring before the report was completed.

8

The FAC also does not plausibly connect the later conduct to retaliatory animus. Daly alleges that Officer Tam agreed to reclassify the report and that the Records Division thereafter refused to unlock it. But Daly alleges that the Records Division gave a reason for that decision: the report "could not be re classified to a major being that the report was disseminated to numerous others." *Id*. at PageID.177. Daly may believe that reason was incorrect or unlawful, but the complaint does not allege facts showing that it was offered as a pretext to retaliate against him for petitioning.

Similarly, Daly alleges that the body-worn camera footage was priced at $134.87 based on an "unexplained assessment of seven hours of 'review' time," and that Records Division staff maintained that fees could not be waived without OIP involvement. *Id*. at PageID.177-78. He alleges that the Police Commission rejected his complaint based on a timeliness computation, did not respond to his appeal, scheduled his complaint for a hearing, and issued no disposition. *Id*. at PageID.178-79. But the fact that an agency denies or fails to resolve a request does not, standing alone, plausibly show that it did so because the request was made. The chronology Daly alleges does not plausibly establish a "causal connection" between his protected activity and the challenged conduct. *Nieves*, 587 U.S. at 398.

The allegations concerning Chief Mahuna are likewise insufficient. Daly alleges "[o]n information and belief" that a May 2, 2025 "mass exoneration" encompassed officers whose conduct Daly had challenged. Dkt. No. 18, at PageID.180-81. He says

9

the basis for that belief includes "the written determinations Plaintiff received over Chief Mahuna's signature and the temporal and subject overlap between Plaintiff's pending complaints and the May 2, 2025 action." *Id*. But Daly does not allege what those determinations said, which of his complaints Chief Mahuna decided, what conduct he approved, or any other facts plausibly showing that he acted because Daly had exercised his First Amendment rights. Daly ultimately alleges that his protected activity was "a substantial or motivating factor for the adverse actions, as shown by their content, target, and sequence." *Id*. at PageID.182. That allegation recites the causation element of a retaliation claim, but it does not supply the factual allegations necessary to support it. *See Iqbal*, 556 U.S. at 678.

Count I therefore fails to state a plausible First Amendment retaliation claim and is DISMISSED.

### 2.    Count II:  Class-of-One Equal Protection

Count II of the FAC asserts a class-of-one equal protection claim against Doe 1, whom Daly identifies as Officer Tam, and the County. Dkt. No. 18, at PageID.182-83.

A plaintiff may state a class-of-one claim by plausibly alleging that he was "intentionally treated differently from others similarly situated" and that "there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

Daly alleges that Officer Tam "intentionally treated Plaintiff differently from the similarly situated driver in the same collision."  Dkt. No. 18 at PageID.183.  Daly alleges that Tai was not cited for failing to yield, while Daly was cited, the collision was classified as "minor," and corroborating evidence was redacted and withheld.  *Id*.  But Daly's allegations do not show that he and the other driver were similarly situated with respect to the decisions he challenges.  As to the citations, Daly alleges that the other driver was cited for driving without a valid license and for an expired registration, while Daly was cited for having no insurance.  *Id*. at PageID.175.  Daly does not allege that the other driver lacked insurance but was not cited, or that Daly drove without a valid license or with an expired registration but was treated differently.  The two drivers were cited for different alleged violations based on different circumstances.

Daly's class-of-one theory also implicates the concerns the Supreme Court identified in *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008).  There, the Supreme Court explained that a class-of-one theory may be ill-suited to government decisions that "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments," and illustrated the point with a traffic officer's decision to ticket one driver but not others.  *Id*. at 603-04.  The court need not decide whether *Engquist* forecloses Daly's challenge to Officer Tam's citation decision as a matter of law, however, because Daly has not plausibly alleged facts that would show

11

he and the other driver were similarly situated with respect to the violations each could have been cited for.

The remaining allegations also do not show that anyone in similar circumstances was treated more favorably.  Daly alleges that he asked to have the report reclassified, requested records and a fee waiver, filed a Police Commission complaint, appealed its rejection, and sought a hearing.  He does not allege that the other driver made materially similar requests under similar circumstances and received more favorable treatment.  Daly alleges only that "[t]here was no rational basis for this differential treatment."  Dkt. No. 18 at PageID.183.  But that is a legal conclusion.  It is not supported by facts showing that two materially similar people received intentionally different treatment under materially similar circumstances without a rational reason.

Count II therefore fails to state a plausible class-of-one equal protection claim and is DISMISSED.

### 3.    Count III:  Municipal Liability

Count III of Daly's FAC seeks to hold the County liable under 42 U.S.C. § 1983. Dkt. No. 18, at PageID.183-85.

A municipality cannot be held liable under Section 1983 solely because it employs a person who committed a constitutional violation.  *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  Municipal liability exists only when execution of a municipal "policy or custom" causes the constitutional injury.  *Id*. at 694.  And when

the plaintiff has not suffered an underlying constitutional violation, a municipal policy

or custom cannot independently support liability.  *See City of Los Angeles v. Heller*, 475

U.S. 796, 799 (1986) (per curiam).

Daly expressly bases Count III on "the constitutional violations alleged in Counts

I and II."  Dkt. No. 18 at PageID.183.  He also pleads earlier events involving Bonny

Evans "as evidence of the County's customs, and not as a claim for relief for injuries to

any person other than Plaintiff," *id*. at PageID.180.  But because Daly has not plausibly

alleged an underlying violation of his own constitutional rights, the court need not—

and does not—decide whether those earlier events would otherwise support a custom

theory.  As explained above, the FAC does not plausibly allege a First Amendment

retaliation or class-of-one equal protection violation.  Count III therefore fails as well

and is DISMISSED.

### C.    Leave to Amend

Even when a complaint fails at screening, the plaintiff may still be entitled to an

opportunity to amend.  When the shortcomings in a complaint might be fixed by better

or fuller allegations, the court generally must allow the plaintiff an opportunity to

amend.  *See Lopez*, 203 F.3d at 1130-31.  That is especially true when the plaintiff

proceeds pro se and in forma pauperis.  Such a plaintiff should not be denied the

opportunity to amend unless it is "absolutely clear that the deficiencies of the complaint

could not be cured by amendment." *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (cleaned up).

Although Daly has already amended once, the court cannot conclude that every deficiency identified above is necessarily incurable.  The court therefore grants Daly one further opportunity to amend.  Any Second Amended Complaint must be a complete document in its own right.  It may not incorporate the original complaint, the FAC, or any supplement by reference.  Daly must clearly identify each claim, the defendant or defendants against whom it is asserted, the conduct each defendant personally undertook, and the facts supporting each required element of the claim.  If Daly chooses to file a Second Amended Complaint, that pleading must be limited to an attempt to cure the claims screened in this order.  Daly may not use it to introduce any additional claims or defendants without first filing a motion and obtaining leave of court.

## CONCLUSION

For the foregoing reasons, the court:

1. GRANTS Daly's amended application to proceed in forma pauperis, Dkt. No. 22 and DENIES AS MOOT Daly's earlier IFP applications, Dkt. Nos. 19, 21;

2. ACCEPTS and considers in full Daly's First Amended Complaint, Dkt. No. 18, notwithstanding its one-day lateness, and therefore DENIES AS MOOT his motion for a brief extension of time, Dkt. No. 20;

3. DISMISSES the First Amended Complaint, Dkt. No. 18, with leave to amend; and

14

If Daly elects to file a Second Amended Complaint, he must comply with the following requirements:

1.    The deadline to file the Second Amended Complaint is August 28, 2026;

2.    The amended pleading must be titled "Second Amended Complaint";

3.    The Second Amended Complaint must be complete in itself and may not incorporate any earlier pleading or supplement by reference;

4.    Daly must cure the deficiencies identified in this order; and

5.    Daly may not introduce additional claims or defendants without first obtaining leave of court.

Daly is cautioned that failure to timely file an amended pleading that conforms to this Order will result in the automatic dismissal of this action. Until Daly files an amended pleading, he should not file any other documents in this action. This resolves all pending motions.

IT IS SO ORDERED.

DATED: July 31, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

*Daly v. County of Hawai'i, et al*; Civil No. 26-00070 MWJS-KJM; GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

15