IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PADDY JAMES DALY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF HAWAIʻI, *et al.*,<br><br>Defendants. | Civil No. 26-00070 MWJS-KJM<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

## INTRODUCTION

Before the court is pro se Plaintiff Paddy James Daly's Second Amended Complaint (SAC). Daly's claims arise from an October 15, 2024 motor-vehicle collision in Keaʻau, Hawaiʻi and the subsequent handling of a Hawaiʻi County Police Department (HCPD) report. Dkt. No. 26. Daly alleges that the officer who responded to the collision wrongfully classified the accident as "minor" and redacted a corroborating witness statement, and that HCPD failed to reclassify the accident as "major" despite informing Daly that it would do so. *Id.* at PageID.244–46. Daly further alleges that County officials, including the Police Commission and the Chief of Police, later failed to satisfactorily resolve his complaints about that conduct. *Id.* at PageID.249–54.

Based on these events, Daly asserts three claims under 42 U.S.C. § 1983: (1) First Amendment retaliation, (2) class-of-one equal protection, and (3) municipal liability. *Id.* at PageID.256–59. The court previously dismissed Daly's original Complaint, Dkt. No. 1, and his First Amended Complaint (FAC), Dkt. No. 18, both with leave to amend. Dkt. Nos. 17, 25. For the reasons explained below, the SAC does not state a plausible federal claim for relief, so the court DISMISSES it. Because the deficiencies in the SAC may be curable, however, the court GRANTS Daly leave to amend his complaint one more time.

## DISCUSSION

### A. Screening of the SAC

Because Daly is proceeding in forma pauperis, the court must review the complaint and dismiss it, in whole or in part, if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune." *See* 28 U.S.C. § 1915(e)(2). That inquiry tracks the analysis a court would undertake in evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Rosati v. Igniboso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). As owed a self-represented litigant, the court construes Daly's complaint liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

As the court has detailed in its prior screening orders in this case, a complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must allege specific facts—rather than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"—which, if true, would entitle the plaintiff to judicial relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**1. Count I: First Amendment Retaliation**

Count I asserts that Defendants retaliated against Daly for engaging in protected speech. Dkt. No. 26, at PageID.256. To state a First Amendment retaliation claim, a plaintiff must plausibly allege "that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity[,] and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (cleaned up). The last element requires a plaintiff to "establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (cleaned up).

As it did in its most recent screening order, Dkt. No. 25, the court again accepts that Daly engaged in constitutionally protected activity and that the conduct he alleges would satisfy the objective chilling requirement. But while Daly has supplemented his

allegations with details about his advocacy activity prior to the motor vehicle accident and Officer Daniel Tam's alleged knowledge of that activity, he has still not pleaded sufficient facts to show that HCPD's handling of the accident, the report, and Daly's subsequent complaint were motivated by Daly's advocacy activity.

Daly asserts in his SAC that he "does not rest causation upon chronology alone." Dkt. No. 26, at PageID.256. Rather, he points to "a departure from a numeric standard, a recorded admission, an undertaking, a failure to honour it, a supplement altering a measurement against him, a stated rule disproved by the Department's own subsequent act, and an arithmetical error identified and never corrected." *Id.* While these allegations, if true, may support Daly's argument that HCPD mishandled the accident and its aftermath, they still do not give rise to an inference that HCPD's actions were motivated by Daly's advocacy. Indeed, Daly reports that HCPD gave reasons for many of its actions: the accident could not be reclassified because the Records Division could not reopen a file that had been disseminated to others; the body camera footage would cost $134.87 based on the Department's assessment of anticipated review time; the Commission denied his complaint as untimely based on a calculation using the accident date rather than the report date; and the Commission denied his complaint for lack of standing under its own rules. *Id.* at PageID.247–50. Daly has not provided any additional factual allegations that plausibly give rise to an inference that HCPD's

proffered reasons were pretextual, even if Daly believes they were incorrect or unlawful. *See* Dkt. No. 25, at PageID.232.

Daly's updated allegations against Chief Mahuna similarly do not support an inference of retaliation. Daly alleges that Chief Mahuna signed a written determination, in response to Daly's complaints, finding that there was no evidence of police misconduct in connection with those complaints. Dkt. No. 26, at PageID.251. Daly also newly alleges that "the man complained of throughout" his advocacy was Chief Mahuna's first cousin. *Id.* at PageID.251–52. Even if that is true, Daly has not plausibly alleged that any potential conflict of interest or failure to recuse was motivated by a desire to retaliate against Daly for his advocacy.

In the SAC, Daly also newly alleges that at the scene of the motor vehicle accident, he informed Officer Tam of an individual he believed posed a threat to Kea'au Middle School. *Id.* at PageID.252. Daly alleges that he further informed a school resource officer at Kea'au Middle School of the potential threat as well. *Id.* at PageID.252–53. While these factual allegations provide a fuller picture of the substance of Daly's speech activity, as noted earlier, the court already assumes for the purposes of screening the complaint that Daly engaged in protected speech. The additional details regarding that speech do not provide a plausible basis to infer that HCPD retaliated against Daly for it. The mere fact that HCPD's actions "followed his speech" and "operated . . . to the disadvantage of the person who had spoken" is not enough,

standing on its own, to support an inference of retaliation. *See id.* at PageID.253. Because the SAC does not adequately allege a causal connection, the First Amendment retaliation claim is DISMISSED.

**2. Count II: Class-of-One Equal Protection**

Count II of the SAC asserts a class-of-one equal protection claim against Doe 1 and the County of Hawaiʻi. *Id.* at PageID.257.

A plaintiff may state a class-of-one claim by plausibly alleging that he was "intentionally treated differently from others similarly situated" and that "there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

Daly clarifies that the decision to cite him and not the other driver is not the basis for his equal protection claim. Dkt. No. 26 at PageID.257. Rather, he asserts that the decision to classify the accident as "minor" constituted "intentionally treat[ing Daly] differently from a person similarly situated." *Id.* But the decision to classify the accident as "minor" applied equally to both drivers. The fact that the classification allegedly departed from a set numeric threshold does not mean that anyone was treated differently from anyone else. Indeed, having abandoned the allegation that the difference in citations constituted an equal protection violation, Daly's complaint no longer even identifies someone potentially similarly situated to him who was treated differently.

Further, in the SAC Daly asserts that "the absence of a rational basis is pleaded as a fact and not as a conclusion." *Id.* at PageID.257. But that assertion does not transform a verbatim recital of a legal standard into a factual allegation that can withstand screening. Instead, it closely resembles the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which the Supreme Court has made clear "do not suffice" to meet the standards of Rule 8. *Iqbal*, 556 U.S. at 678.

Class II therefore fails to state a plausible class-of-one equal protection claim and is DISMISSED.

**3. Count III: Municipal Liability**

Count III of Daly's SAC seeks to hold the County liable under 42 U.S.C. § 1983. Dkt. No. 26, at PageID.257–58.

A municipality cannot be held liable under § 1983 solely because it employs a person who committed a constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1987). Municipal liability exists only when execution of a municipal "policy or custom" causes the constitutional injury, when an individual with final policymaking authority acting under color of law causes the constitutional injury, or when such an individual ratifies the unconstitutional conduct and the unconstitutional basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1234–40 (9th Cir. 1999).

Daly alleges that Chief Mahuna's determination that the officers had not engaged in any misconduct constituted ratification of their conduct. Dkt. No. 26, at

PageID.258. In the alternative, he alleges that Doe 2 acted pursuant to final policymaking authority when he failed to reclassify the accident report, or, to the extent that he did not have final policymaking authority, his actions were taken pursuant to a policy or custom of the County so as to trigger *Monell* liability. *Id.* at PageID.258–59.

These allegations fail to state a colorable claim for relief because, as Daly acknowledges, municipal liability is only available where an underlying constitutional violation has occurred. *See id.* at PageID.257; *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam). As discussed earlier, Daly has not plausibly alleged an underlying violation of his constitutional rights. The court, therefore, need not and does not decide whether Chief Mahuna ratified the officers' conduct, whether Doe 2 had final policymaking authority, or whether the officers acted pursuant to a municipal custom or policy. Without a plausible allegation of an underlying constitutional violation, any municipal liability theory must fail. Count III does not state a plausible claim for relief and is DISMISSED.

**B. Leave to Amend**

When a complaint fails to survive screening, the plaintiff may still be entitled to an opportunity to amend. When the deficiencies in a complaint might be cured by better or fuller allegations, the court generally must allow the plaintiff an opportunity to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc). That is especially true when, as here, the plaintiff proceeds pro se and in forma pauperis. Such

a plaintiff should not be denied the opportunity to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987) (cleaned up).

Daly has been given the opportunity to amend his complaint twice. But the court cannot conclude that every deficiency identified above is necessarily incurable. The court therefore grants Daly one further opportunity to amend. Any Third Amended Complaint must be a complete document in its own right. It may not incorporate the original Complaint, the FAC, the SAC, or any supplement by reference. Daly must clearly identify each claim, the defendant or defendants against whom it is asserted, the specific actions each defendant personally took, and the particular facts supporting each required element of the claim. If Daly chooses to file a Third Amended Complaint, that pleading must be limited to an attempt to cure the deficiencies identified in this order. Daly may not use it to introduce any additional claims or defendants without first filing a motion and obtaining leave of court.

**CONCLUSION**

For the foregoing reasons, the court DISMISSES the Second Amended Complaint, Dkt. No. 26, with leave to amend. If Daly elects to file a Third Amended Complaint, he must comply with the following requirements:

1. The deadline to file the Third Amended Complaint is October 29, 2026;

2. The amended pleading must be titled "Third Amended Complaint";

3. The Third Amended Complaint must be complete in itself and may not incorporate any other pleading or supplement by reference;

4. Daly must cure the deficiencies identified in this order; and

5. Daly may not introduce new claims or defendants without first obtaining leave of court.

Daly is cautioned that failure to timely file an amended pleading that conforms to this Order will result in the automatic dismissal of this action. Until Daly files an amended pleading, he should not file any other documents in this action.

IT IS SO ORDERED.

DATED: September 30, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge